UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.: 22-CR-0419-TWR |
|---|---|
| Plaintiff, | |
| v. | ORDER ON DEFENDANT'S MOTION TO SUPPRESS STATEMENTS |
| GERARDO CORTES-FERRAL, | |
| Defendant. | |

Pending before the Court is defendant Cortes's "Motion to Suppress Statements" ["Motion"]. [ECF No. 29.] The Government has filed an opposition to the Motion. [ECF No. 35.] Defendant Cortes has filed a reply. [ECF No. 37.] On August 17, 2022, the Court held a hearing on the Motion. [ECF No. 39.]

The Government has stated that it will not use defendant Cortes's post-arrest statement during its case-in-chief presentation at trial. As a result, defendant Cortes's Motion is DENIED AS MOOT.

The remaining issue before the Court is whether defendant Cortes's post-arrest statement was voluntarily made because "[s]tatements obtained in violation of *Miranda* are nonetheless admissible for impeachment if their 'trustworthiness . . . satisfies legal standards.'" *Bradford v. Davis,* 923 F.3d 599, 615 (9th Cir. 2019) (quoting *Mincey v. Arizona,* 437 U.S. 385, 397-98 (1987)). In evaluating the voluntariness of defendant Cortes's post-arrest statement, the Court must consider the totality of circumstances surrounding the statement, including the

22-CR-0419-TWR

characteristics of the defendant and the details of the interrogation. *Schneckloth v. Bustamonte,* 412 U.S. 218, 226 (1973).

The Court has reviewed and considered the video footage of defendant Cortes's post-arrest interview, the parties' transcripts of the interview, the characteristics of the defendant (to include his age, education, intelligence, physical health, prior experience with the criminal justice system and his demeanor and responsiveness during the interview), the pleadings and arguments of the parties, and all other relevant facts and circumstances in the record. The Court concludes that defendant Cortes's post-arrest statement was voluntarily made and that his will was not overborne when he made the statement. The law enforcement officers who conducted the post-arrest interview did not use either physical intimidation or psychological pressure to elicit a statement from defendant Cortes; rather, the officers' conduct was even-tempered, professional, and non-threatening. While the record confirms that defendant Cortes asked for the assistance of an attorney twice during the initial stages of the interview, when asked to place his initials on an I-214 form indicating he did not wish to answer questions, defendant Cortes changed his mind and voluntarily stated that he would answer questions. The interview was less than twenty-five minutes long. Defendant is forty-five years old and has been involved in the criminal justice system on multiple occasions over a twenty-one-year period. In addition, the demeanor, responsiveness, and tone of defendant Cortes's voice during the interview also confirm the voluntariness of his post-arrest statement.

The Government may, if it chooses to do so, use the post-arrest statement for impeachment purposes during trial.

**IT IS SO ORDERED.**

Dated: 8/25/2022

**HONORABLE TODD W. ROBINSON**
UNITED STATES DISTRICT JUDGE

22-CR-0419-TWR