# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>GERARDO CORTES-FERRAL,<br><br>                              Defendant. | Case No.:  22-CR-419-TWR<br><br>**ORDER DENYING MOTION TO DISMISS THE INFORMATION** |

  Pending before the Court is Defendant's motion to dismiss the criminal information based on the ground that the immigration statute he is charged with violating – 8 U.S.C. Section 1326 – violates the equal protection guarantee of the Fifth Amendment under the standard articulated in *Village of Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252 (1977).  The Court finds that the rational basis test applies to Defendant's motion. *See Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1185 (9th Cir. 2011) ("We review equal protection challenges to federal immigration laws under the rational basis standard and uphold them if they are 'rationally related to a legitimate government purpose.'") (quoting *Masnauskas v. Gonzales,* 432 F.3d 1067, 1071 (9th. Cir.

2005).[1] The Court further finds that Section 1326 satisfies the rational basis test because it is rationally related to the legitimate government interest of deterring illegal reentry into the United States. *See United States v. Hernandez-Guerrerro*, 147 F.3d 1075, 1078 (9th Cir. 1998) ("By threatening with criminal prosecution any alien found in the United States who has previously been 'excluded, deported, or removed,' Congress sought in § 1326 to give teeth to civil immigration statutes and to ensure compliance with civil deportation orders. . . . In fact, it is plain that § 1326 is a necessary piece of the immigration-regulation framework; without the threat of criminal prosecution that it provides, Congress's immigration-regulation authority would be fatally undermined-all bark and no bite."); *cf. United States v. Ruiz-Chairez* 493 F.3d 1089, 1091 (9th Cir. 2007) ("Because the illegal reentry statute is a proper exercise of Congress's immigration power, and because § 2L1.2 properly implements this congressional directive, we must conclude that the 16 level enhancement under § 2L1.2 serves a legitimate government interest and has a rational basis. The enhancement serves the legitimate government interest of deterring illegal reentry by those who have committed drug-related and violent crimes.") (citations omitted). The Defendant's motion to dismiss the information is therefore denied.

**IT IS SO ORDERED**.

Dated: 9/9/2022

**HONORABLE TODD W. ROBINSON**
UNITED STATES DISTRICT JUDGE

---

[1] Several district courts, including the Court in *United States v. Gustavo-Carrillo-Lopez,* Case No. 20-cr-00026-MMD-WGC, 2021 WL 3667330, at *3 (D. Nev. Aug. 18, 2021), have declined to apply the rational basis test and have instead applied the *Arlington-Heights* standard to evaluate equal protection challenges to Section 1326. *See United States v. Machic-Xiap,* Case No. 19-cr-407-SI, 2021 WL 3362738, at *10-16 (D. Or. Aug. 3, 2021); *United States v. Wence,* Case No. 30-cr-0027, 2021 WL 2463567, at *2-4 (D. V.I. Jun. 16, 2021). However, the Court finds it significant that the orders in those cases failed to address the standard of review mandated by *Hernandez-Mancilla*.